**WO**

# IN THE UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF ARIZONA

| | |
|---|---|
| Jack Donald Antonio, | No. CV-24-08037-PCT-JAT |
| Petitioner, | **ORDER** |
| v. | |
| Ryan Thornell, et al., | |
| Respondents. | |

Pending before the Court is Petitioner's Petition for Writ of Habeas Corpus. The Magistrate Judge to whom this case was assigned issued a Report and Recommendation ("R&R") recommending that the Petition be denied and dismissed with prejudice because the one ground for relief raised in the Petition is procedurally defaulted without excuse. (Doc. 17). Neither party has objected to the R&R and the time for filing objections has run.[1]

This Court "may accept, reject, or modify, in whole or in part, the findings or recommendations made by the magistrate judge." 28 U.S.C. § 636(b)(1). It is "clear that the district judge must review the magistrate judge's findings and recommendations *de novo if objection is made,* but not otherwise." *United States v. Reyna-Tapia*, 328 F.3d 1114, 1121 (9th Cir. 2003) (*en banc*) (emphasis in original); *Schmidt v. Johnstone*, 263 F.Supp.2d 1219, 1226 (D. Ariz. 2003) ("Following *Reyna-Tapia*, this Court concludes that *de novo* review of factual and legal issues is required if objections are made, 'but not

---

[1] Both parties are represented by counsel.

otherwise.'"); *Klamath Siskiyou Wildlands Ctr. v. U.S. Bureau of Land Mgmt.*, 589 F.3d 1027, 1032 (9th Cir. 2009) (the district court "must review de novo the portions of the [Magistrate Judge's] recommendations to which the parties object."). District courts are not required to conduct "any review at all . . . *of any issue* that is not the subject of an objection." *Thomas v. Arn*, 474 U.S. 140, 149 (1985) (emphasis added); *see also* 28 U.S.C. § 636(b)(1) ("the court shall make a *de novo* determination of those portions of the [report and recommendation] to which objection is made.").

There being no objections,

**IT IS ORDERED** that the R&R (Doc. 17) is accepted.

**IT IS FURTHER ORDERED** that the Petition in this case is denied and dismissed with prejudice, and the Clerk of the Court shall enter judgment accordingly.

**IT IS FINALLY ORDERED** that pursuant to Rule 11 of the Rules Governing Section 2254 Cases, in the event Petitioner files an appeal, the Court denies issuance of a certificate of appealability because dismissal of the petition is based on a plain procedural bar and jurists of reason would not find this Court's procedural ruling debatable. *See Slack v. McDaniel*, 529 U.S. 473, 484 (2000).

Dated this 28th day of February, 2025.

James A. Teilborg
Senior United States District Judge